**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1826-17T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee on
behalf of the holders of the WAMU
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-ARI,

     Plaintiff-Respondent,

v.

MICHAEL J. BLANDO, a/k/a
MICHAEL BLANDO and JANEEN
BLANDO, his wife,

     Defendants-Appellants,

and

JPMORGAN CHASE BANK, N.A.,
THE VALLEY HOSPITAL and
UNITED STATES OF AMERICA,

     Defendants.

_____

Argued November 9, 2018 – Decided March 20, 2019

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-017359-15.

Ronald V. De Caprio argued the cause for appellants (Law Office of Ronald V. De Caprio, attorneys; Ronald V. De Caprio, on the brief).

Anita J. Murray argued the cause for respondent (Eckert Seamans Cherin & Mellott, LLC, attorneys; Richard J. Nalbandian, III, on the brief).

PER CURIAM

Defendants Michael J. Blando and Janeen Blando appeal from the Chancery Division's December 4, 2015 order striking their answer and November 1, 2017 final judgment of foreclosure. We affirm.

I.

The following facts are derived from the record. On October 28, 2004, defendants executed a promissory note to Washington Mutual Bank, FA (Washington) in the amount of $650,000. The note provides that in the event of a default on defendants' obligation to make monthly payments, the holder of the note may send defendants a written notice that if the outstanding amount due is not paid by a certain date the holder "may require [defendants] to pay immediately the full amount of [p]rincipal which has not been paid and all the [i]nterest that [defendants] owe on that amount."

A-1826-17T3

To secure the note, defendants executed a mortgage to Washington encumbering residential property in Glen Rock. The mortgage states that in the event of a default, the lender will notify defendants that a failure to cure by a specified date may result in acceleration of the full outstanding amount of the loan at the option of the lender. The mortgage was recorded on November 17, 2004. On August 1, 2011, the parties executed a loan modification agreement, reducing the interest rate and monthly payments on defendants' debt.

Defendants defaulted on the note on July 1, 2014. Plaintiff Deutsche Bank National Trust Company, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2005-ARI, acquired the note and mortgage in an assignment recorded on September 18, 2014. On January 5, 2015, plaintiff's agent sent defendants a written notice of intention to foreclose in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73. The notice informed defendants that if they failed to satisfy the amounts due and owing by a specified date plaintiff "may accelerate and require that you pay all amounts owing and secured by [the note and mortgage] in full[.]"

On May 14, 2015, plaintiff filed a foreclosure complaint in the Chancery Division. The complaint alleges that "[p]laintiff, herein, by reason of said default, elected that the whole unpaid principal sum due on the aforesaid

obligation and [m]ortgage . . . with all unpaid interest and advances made thereon, shall now be due." Defendants filed an answer on August 18, 2015.

On October 21, 2015, plaintiff filed a motion for summary judgment to strike the answer as raising no genuine issue of material fact which would preclude entry of a judgment of foreclosure. Defendants opposed the motion and cross-moved to dismiss the complaint. They argued that plaintiff could not pursue foreclosure because it did not send defendants a written notice of acceleration of the note and mortgage prior to filing its complaint.

On December 4, 2015, the trial court granted plaintiff's motion, denied defendants' cross-motion, struck the answer, and entered default. In its written opinion, the trial court held, in effect, that acceleration of the note and mortgage prior to the filing of the complaint was not required by law. The court concluded that plaintiff fulfilled all of the statutory criteria set forth in the FFA for filing a foreclosure complaint. In addition, the court concluded that even if the notice was insufficient because it did not express plaintiff's election to accelerate the note and mortgage, it would be inequitable to require plaintiff to issue a new notice because doing so would delay the foreclosure process by sixty days. In reaching this conclusion, the court reasoned that delay would be inequitable because defendants had been in default on the note since October 28, 2004, a

period of more than 132 months. This finding was erroneous because October 28, 2004 is the date on which the note was executed, not the date of default. When the trial court issued its decision, defendants had been in default only seventeen months.[1] Defendants did not move for reconsideration based on the trial court's erroneous finding.

On October 10, 2017, plaintiff moved for final judgment. In support of the motion, plaintiff submitted a certification stating that the full amount of the note and mortgage was due and owing. Defendants did not oppose the motion.

On November 1, 2017, the trial court granted plaintiff's motion and entered a final judgment of foreclosure reflecting the full amount of the note and mortgage as due and owing. This appeal followed.

II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant

---

[1] The complaint alleged defendants defaulted on July 1, 2014. A certification in support of plaintiff's motion for summary judgment, however, listed October 28, 2004 as the default date. It was not possible for defendants to be in default on that date, as their first payment was not due until December 1, 2004.

5

summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'"  Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995)).

Self-serving assertions that "[are] unsupported by evidence are insufficient to create a genuine issue of material fact."  Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015) (alteration in the original) (quoting Heyert v. Taddese 431 N.J. Super 388, 414 (App. Div. 2013)).  "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'"  Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)).  We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment."  Brill, 142 N.J. at 523.

A-1826-17T3

Defenses to a foreclosure are narrow. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to" foreclose on the property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 547 (App. Div. 1994).

Defendants do not contest the validity of the mortgage, their default, or plaintiff's standing to foreclose on the property. Their sole argument is that the trial court erred in granting summary judgment because they raised a genuine dispute of material fact with respect to whether plaintiff accelerated the note and mortgage prior to filing the complaint. Plaintiff argues that the issue raised by defendants is immaterial because acceleration of the note is not a prerequisite to its right to foreclose on the mortgage.

Having carefully reviewed defendants' arguments in light of the record and applicable legal principles, we conclude that there is ample evidence supporting the trial court's findings of fact and conclusions of law.

In support of their argument, defendants rely only on a 2015 unpublished opinion of the Chancery Division, and a 2015 unpublished opinion of a federal district court. Neither is binding on this court. R. 1:36-3; Trinity Cemetery Ass'n v. Twp. of Wall, 170 N.J. 39, 48 (2001) (Verniero, J., concurring); Shaw

v. City of Jersey City, 346 N.J. Super. 219, 229 (App. Div.), rev'd on other grounds, 174 N.J. 567 (2002).[2] They cite no published precedent holding that acceleration of a note and mortgage must take place prior to the filing of a foreclosure complaint. Defendants' failure to cure their July 1, 2014 default, and their default on every monthly payment from that date until the filing of the complaint, were sufficient grounds for plaintiff to seek foreclosure.

Nor do we agree with defendants' argument that the trial court's erroneous finding with respect to the length of their default requires reversal. The trial court's mistaken conclusion that defendants were in default for 132 months did not affect the soundness of the court's conclusion that plaintiff had the legal right to proceed with foreclosure. Plaintiff satisfied the statutory requirements of the FFA, allowing it to file a foreclosure complaint based on defendants' July 1, 2014 default.

To the extent defendants disputed whether the note and mortgage had been accelerated, it was incumbent on them to contest the amount due and owing when plaintiff moved for entry of final judgment of foreclosure. It was at that

---

[2] We note that defendants' counsel did not comply with Rule 1:36-3's mandate that "[n]o unpublished opinion shall be cited to any court by counsel unless the court and all other parties are served with a copy of the opinion and of all contrary unpublished opinions known to counsel."

A-1826-17T3

juncture that defendants could have argued that the amount due and owing on the note and mortgage did not include the accelerated principal and interest. Because defendants did not contest the amount due and owing in the trial court, we deem the issue waived. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). We therefore offer no opinion with respect to whether the allegations of the complaint, or plaintiff's subsequent submissions in the Chancery Division, constituted sufficient written notice to defendants of its acceleration of the note and mortgage.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION